# United States Court of Appeals
## For the First Circuit

No. 09-1664

PEDRO LOPEZ, Individually and on behalf of a class of individuals similarly situated; ABEL CANO, Individually and on behalf of a class of individuals similarly situated; KEVIN SLEDGE, Individually and on behalf of a class of individuals similarly situated; CHARLES DEJESUS, Individually and on behalf of a class of individuals similarly situated; RICHARD BROOKS, Individually and on behalf of a class of individuals simlarly situated; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION, Individually and on behalf of a class of individuals similarly situated; ROBERT ALVAREZ, Individually and on behalf of a class of individuals similarly situated; SPENCER TATUM, Individually and on behalf of a class of individuals similarly situated; SHUMEAND BENFOLD, Individually and on behalf of a class of individuals similarly situated; ANGELA WILLIAMS-MITCHELL, Individually and on behalf of a class of individuals similarly situated; GWENDOLYN BROWN, Individually and on behalf of a class of individuals similarly situated; LYNETTE PRAILEAU, Individually and on behalf of a class of individuals similarly situated; TYRONE SMITH, Individually and on behalf of a class of individuals similarly situated; EDDY CHRISPIN, Individually and on behalf of a class of individuals similarly situated; DAVID E. MELVIN, Individually and on behalf of a class of individuals similarly situated; STEVEN MORGAN, Individually and on behalf of a class of individuals similarly situated; WILLIAM E. IRAOLO, Individually and on behalf of a class of individuals similarly situated; JOSE LOZANO, Individually and on behalf of a class of individuals similarly situated; COURTNEY A. POWELL, Individually and on behalf of a class of individuals similarly situated; JAMES L. BROWN, Individually and on behalf of a class of individuals similarly situated; GEORGE CARDOZA, Individually and on behalf of a class of individuals similarly situated; LARRY ELLISON Individually and on behalf of a class of individuals similarly situated; DAVID SINGLETARY, Individually and on behalf of a class of individuals similarly situated; CHARISSE BRITTLE POWELL, Individually and on behalf of a class of individuals similarly situated; CATHENIA D. COOPER-PATERSON, Individually and on behalf of a class of individuals similarly situated; MOLWYN SHAW, Individually and on behalf of a class of individuals similarly situated; LAMONT ANDERSON, Individually and on behalf of a class of individuals similarly situated; GLORIA KINKEAD, Individually and on behalf of a class of individuals similarly situated; KENNETH GAINES, Individually and on behalf of a class of individuals similarly situated; MURPHY GREGORY, Individually and on behalf of a class of individuals similarly situated; JULIAN TURNER, Individually and on behalf of a class of individuals similarly situated; NEVA GRICE, Individually and on behalf of a class of individuals similarly situated; DELORES E. FACEY, Individually and on behalf of a class of individuals similarly situated; LISA VENUS, Individually and on behalf of a class of individuals similarly situated; RODNEY O. BEST, Individually and on behalf of a class of individuals similarly situated; KAREN VANDYKE, Individually and on behalf of a class of individuals similarly situated; ROBERT C. YOUNG, Individually and on behalf of a class of individuals similarly situated; ROYLILNE LAMB, Individually and on behalf of a class of

individuals similarly situated; LYNN DAVIS, Individually and on behalf of a class of individuals similarly situated; JAMES A. JACKSON, Individually and on behalf of a class of individuals similarly situated; JUAN ROSARIO, Individually and on behalf of a class of individuals similarly situated; LOUIS ROSARIO, JR., Individually and on behalf of a class of individuals similarly situated; OBED ALMEYDA, Individually and on behalf of a class of individuals similarly situated; DEVON WILLIAMS, Individually and on behalf of a class of individuals similarly situated; JULIO TOLEDO, Individually and on behalf of a class of individuals similarly situated

Plaintiffs - Appellees

------

MARISOL NOBREGA, Individually and on behalf of a class of individuals similarly situated

Plaintiff

v.

COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, In his capacity as Personnel Administrator for the Commonwealth of Massachusetts

Defendants - Appellants

------

CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; JOHN MICHAEL SULLIVAN, In his capacity as Mayor of the City of Lawrence, Massachusetts; WILLIAM MANZI, III, In his capacity as Mayor of Metheun, Massachusetts; CITY OF LOWELL; WILLIAM F. MARTIN, In his capacity as Mayor of the City of Lowell, Massachusetts; CITY OF WORCESTER, MASSACHUSETTS; KONSTANTINA B. LUKES, In her capacity as Mayor of the City of Worcester, Massachusetts; APPOINTING AUTHORITY FOR THE CITY OF LOWELL; MICHAEL O'BRIEN, In his capacity as City Manager of the City of Worcester Massachusetts; CITY OF BOSTON; CITY OF SPRINGFIELD; MAYOR DOMENIC SARNO, JR., In his capacity as Mayor for the City of Springfield; MASSACHUSETTS BAY TRANSPORTATION AUTHORITY; DANIEL GRABAUSKAS, In his capacity as General Manager; BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Defendants

**CASE OPENING NOTICE**

Issued: May 18, 2009

The above-captioned appeal was docketed in this court today pursuant to Rule 12 of the Federal Rules of Appellate Procedure. The above case number and caption should be used on all papers subsequently submitted to this court. If any party disagrees with the clerk's office's designation of the parties on appeal, it must file a motion to amend the caption with any supporting documentation attached. Absent an order granting such a motion, the parties are directed to use the above caption on all pleadings related to this case.

Appellant must complete and return the following forms to the clerk's office by **June 1, 2009** to be deemed timely filed:

- Appearance Form
- Transcript Report/Order Form (Please carefully read the instructions for completing and filing this form.)
- Docketing Statement

These forms are available on the court's website at www.ca1.uscourts.gov, under "Forms & Notices." Failure to comply with the deadlines set by the court may result in dismissal of the appeal for lack of diligent prosecution. See 1st Cir. R. 3.0, 10.0, and 45.0.

If less than the entire transcript is ordered, within ten days of the date of this notice appellant must file, and serve on all other parties, a statement of the issues in accordance with Fed. R. App. P. 10(b)(3)(A). In addition, if the parties are unable to agree as to the contents of the joint appendix, within ten days of the date of this notice appellant must file and serve a statement of the issues and designation of the contents of the appendix. Fed. R. App. P. 30(b)(1). Upon confirmation by the circuit clerk that the record is complete either because no hearing was held, no transcript is necessary, or the transcript is on file, the clerk's office will set the briefing schedule and forward a scheduling notice to the parties.

Within seven days of filing the notice of appeal, appellant must pay the filing fee to the district court clerk. An indigent appellant who seeks to appeal in forma pauperis must file a motion and financial affidavit in the district court in compliance with Fed. R. App. P. 24. Unless this court is provided with notice of paying the filing fee to the clerk of the district court or filing a motion seeking in forma pauperis status within fourteen days of the date of this notice, this appeal may be dismissed for lack of prosecution. 1st Cir. R. 3.0(b).

An appearance form should be completed and returned immediately by any attorney who wishes to file pleadings in this court. 1st Cir. R. 12.0(a) and 46.0(a)(2). *Pro se* parties are not required to file an appearance form. Any attorney who has not been admitted to practice before the First Circuit Court of Appeals must submit an application and fee for admission with the appearance form. 1st Cir. R. 46.0(a)(2).

Dockets, opinions, rules, forms, attorney admission applications, the court calendar and general notices can be obtained from the court's website at www.ca1.uscourts.gov. Your attention is called specifically to the notices listed below:

- [Notice to Counsel and Pro Se Litigants](#)
- [Transcript Notice](#)
- [Notice Regarding Registration for Electronic Noticing](#)
  [http://www.ca1.uscourts.gov/files/notices/ElectronicNoticingRegNotice.pdf]

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

Richard Cushing Donovan, Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210
Case Manager:  Linda Barry - (617) 748-9066

# United States Court of Appeals
## For the First Circuit

**NOTICE OF ELECTRONIC AVAILABILITY OF CASE INFORMATION**

The First Circuit has implemented the Case Management portion of the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") computer system. As of March 31, 2008, any new court generated document (e.g., notices, orders, opinions, and judgments) will be attached to the docket. The court has not yet put into place that part of CM/ECF which allows attorneys to file documents electronically. However, the court has begun attaching public briefs and petitions for rehearing/rehearing en banc to the docket. The court may also attach other filings. Therefore, parties should not include in their public filings information that is too private or sensitive to be posted on the internet. In immigration and social security cases, the Court's docket, orders, and opinions are available via remote electronic access but party filings are not remotely available to the general public.

Specifically, recent amendments to Fed. R. App. P. 25, and new Fed. R. Bank. P. 9037, ed. R. Civ. P. 5.2 and Fed. R. Cr. P. 49.1 require that parties not include, or partially redact where inclusion is necessary, the following personal data identifiers from documents filed with the court <u>unless an exemption applies</u>:

- **Social Security or Taxpayer Identification Numbers.** If an individual's social security or taxpayer identification number must be included, only the last four digits of that number should be used.
- **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.
- **Dates of Birth.** If an individual's date of birth must be included, only the year should be used.
- **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.
- **Home Addresses in Criminal Cases.** If a home address must be included, only the city and state should be listed.

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend caption to redact the identifier.

Parties should exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, national security information, and sensitive security information as described in 49 U.S.C. § 114.

Attorneys are urged to share this notice with their clients so that an informed decision can be made about inclusion of sensitive information. The clerk will not review filings for redaction. For further information, including a list of exemptions from the redaction requirement, see http://www.privacy.uscourts.gov/.

cc:
Iraida J. Alvarez
Leah M. Barrault
James M. Bowers
Daniel C. Brown
Maurice M. Cahillane
William G. Cullinan
Laurie W. Engdahl
Vinita Ferrera
Jeffrey S. Gleason
Rahsaan D. Hall
Mary Jo Harris
Brian W. Leahey
Harold L. Lichten
John T. Liebel
Shannon Liss-Riordan
Kevin S. McDermott
Peter J. McQuillan
Robert P. Morris
Edward M. Pikula
Robert L. Quinan Jr.
Mark Daniel Selwyn
Sookyoung Shin
R. Eric Slagle